**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| SHAQUANDA TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  6:10-2735-HFF |
| vs. ) | |
| ) | |
| RMS–RECOVERY MANAGEMENT ) | |
| SERVICES, INC., ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, SHAQUANDA TAYLOR, by and through her attorney, JAMES M. ERVIN, and for her Complaint against the Defendant, RMS–RECOVERY MANAGEMENT SERVICES, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Greenville, South Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt

6. On information and belief, Defendant is a corporation of the State of Illinois, which is not licensed to do business in South Carolina and which has its principal place of business in Warrenville, Illinois.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. During or about April of 2009, Defendant's representatives and/or employees, including, but not limited to Erin Green (hereinafter "Green"), began contacting Plaintiff by telephone in attempts to collect the aforementioned alleged debt.

8. Many of said telephone calls were placed to Plaintiff at her place of employment, and such calls continued even after the callers were informed that Plaintiff's employer did not permit Plaintiff to accept calls of a personal nature while she was working.

9. During several of said telephone calls, Defendant's representatives and/or employees, including, but not limited to Green, used abusive language when speaking with Plaintiff.

10. Also during several of said telephone calls, Defendant's representative and/or employees, including but not limited to Green, stated that Plaintiff's wages would be garnished and/or a lien would be placed on Plaintiff's property if payment of the alleged debt was not made.

11. Further, on multiple occasions during the aforementioned telephone calls, Defendant's representative and/or employees, including but not limited to Green, threatened to garnish Plaintiff's wages, despite the fact that no judgment had been obtained with the regard to the alleged debt.

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Communicating with Plaintiff at her place of employment after she advised Defendant that her employer prohibited her from receiving such phone calls while she is working, in violation of 15 U.S.C. § 1692c(a)(3);

   b. Using language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2);

   c. Representing that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

   d. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5); and

   e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, SHAQUANDA TAYLOR, respectfully prays for a judgment as follows:

  a.  Statutory damages of $1,000.00 for each violation of the FDCPA;

  b.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

  c.  Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

            Respectfully Submitted,

            /s/ James M. Ervin
            James M. Ervin
            Attorney for Plaintiffs
            PO Box 6276
            Columbia, SC 29260-6276
            (888) 493-0770, ext. 308 (phone)
            (866) 551-7791 (facsimile)
            James@LuxenburgLevin.com